# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO PERRY, | ) | |
| | ) | |
| Petitioner, | ) | No. 12-cv-10234 |
| | ) | |
| v. | ) | Judge Andrea R. Wood |
| | ) | |
| JOSEPH YURKOVICH, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

After a jury trial in the Circuit Court of Cook County, Illinois, Petitioner Antonio Perry was convicted of first-degree murder and sentenced to a 22-year term of imprisonment. He now petitions this Court for a writ of habeas corpus. For the reasons explained below, his petition is denied.

## BACKGROUND

Perry was convicted of the June 2005 homicide of Dewone McClendon. At trial, the prosecution presented evidence that McClendon and another individual were attacked by a large group that included Perry.[1] Multiple witnesses testified that they saw one of the victims get knocked to the ground and that members of the attacking group kicked and stomped the victim as he lay motionless. (Mar. 31, 2011 Op. at 3-8, *People v. Perry*, No. 1-08-1228 (Ill. App. Ct.), State Court Record Ex. K, Dkt. No. 14-8.) More than one witness saw one of the members of the group strike the blow that knocked McClendon down, join in kicking him, and hit him in the head with a bottle as he was prone. (*Id.*) Two witnesses testified at trial that Perry was in the attacking group. (*Id.* at 6-9.) Those two witnesses also had made pretrial statements that

---

[1] This Court adopts the Illinois Appellate Court's account of the proceedings at Perry's trial. (*See* Dkt. No. 14-8.) Perry does not dispute this account, which is presumed to be correct absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Badelle v. Correll*, 452 F.3d 648, 659 (7th Cir. 2006).

identified Perry as the person who first knocked McClendon down with a punch, kicked him while he was down, and hit him with the bottle, but they recanted those specific accounts at trial. (*Id.*) The medical examiner who performed the autopsy on McClendon testified that he had suffered 17 individual injuries caused by blunt force trauma and that brain hemorrhaging caused his death. (*Id.* at 10.)

The trial court gave the jury Illinois pattern instructions on the elements of first-degree murder as charged by the indictment against Perry as follows:

> A person commits the offense of first degree murder when he kills an individual without lawful justification if, in performing the acts which cause the death,
>
> he intends to kill or do great bodily harm to that individual or another;
>
> or
>
> he knows that such acts will cause death to that individual or another;
>
> or
>
> he knows that such acts create a strong probability of death or great bodily harm to that individual or another.

(*Id.* at 27.) The trial court further instructed:

> To sustain the charge of first degree murder, the State must prove the following propositions:
>
> First: that the defendant, or one for whose conduct he is legally responsible, performed the acts which caused the death of Dewone McClendon; and
>
> Second: that when the defendant, or one for whose conduct he is legally responsible, did so, he intended to kill or do great bodily harm to Dewone McClendon;
>
> or
>
> he knew that his acts would cause death to Dewone McClendon;
>
> or

    he knew that his acts created a strong probability of death or great bodily harm to
  Dewone McClendon.

(*Id.* at 27-28.)

During deliberations, the jury sent a note with the question: "Can we consider another charge like 2nd degree murder?" The trial court provided the written response, "No." (*Id.* at 11.) The jury later returned a general verdict finding Perry guilty of first-degree murder. The trial court denied Perry's motions for a new trial and sentenced him to a 22-year term of imprisonment. (*Id.*)

The Illinois Appellate Court affirmed Perry's conviction (*id.* at 44) and denied his petition for rehearing. (Feb. 28, 2012 Order, *People v. Perry*, No. 1-08-1228 (Ill. App. Ct.), State Court Record Ex. M, Dkt. No. 14-8.) The Illinois Supreme Court subsequently denied his petition for leave to appeal (May 30, 2012 Letter, *People v. Perry*, No. 114132 (Ill.), State Court Record Ex. M, Dkt. No. 14-8.), and he brought the present action in this Court.

## DISCUSSION

A person in custody pursuant to a state court judgment may obtain federal habeas relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not intervene on the basis of issues that raise only questions of state law. *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004).

Perry's initial argument in support of his petition for habeas relief asserts that his rights under the Due Process Clause of the United States Constitution were violated by the general verdict. Specifically, he contends that the jury improperly convicted him without specifying which count of first-degree murder formed the basis for the verdict.

As a general matter, the Due Process Clause is not violated by a criminal conviction based upon a general jury verdict. *Bae v. Peters*, 950 F.2d 469, 480 (7th Cir. 1991) (citing *Schad*

3

*v. Arizona,* 501 U.S. 624 (1991)). But, as Perry correctly points out, a conviction resulting from a jury's general verdict does violate the Due Process Clause if a conviction on one of the counts that may have formed the basis for the verdict would be prohibited by the Constitution. *Griffin v. United States*, 502 U.S. 46, 53 (1991). Such a prohibited conviction may result, for example, when a defendant is convicted after a jury verdict based on instructions that omitted an essential element of the offense. *Cole v. Young*, 817 F.2d 412, 426 (7th Cir. 1987).

In this case, Perry contends that his conviction on the knowing-murder count was flawed because the trial court's instructions to the jury did not require proof of each element of that offense. He argues that the trial court's failure to give a pattern instruction on the meaning of the knowledge element of the knowing-murder count removed from the jury's consideration an essential element of that offense, thereby prohibiting a verdict on that count and undermining the general verdict that may have been based on that count.

At trial, Perry's counsel asked that the jury be given a version of the following two-part pattern instruction explaining the knowledge element:

> A person [(knows) (acts knowingly with regard to) (acts with knowledge of)] the nature or attendant circumstances of his conduct when he is consciously aware that his conduct is of such nature or that such circumstances exist. Knowledge of a material fact includes awareness of the substantial probability that such fact exists.
>
> A person [(knows) (acts knowingly with regard to) (acts with knowledge of)] the result of his conduct when he is consciously aware that such result is practically certain to be caused by his conduct.

(Mar. 31, 2011 Op. at 19, *People v. Perry*, No. 1-08-1228 (Ill. App. Ct.), State Court Record Ex. K, Dkt. No. 14-8.) The trial court analyzed the pattern instruction's advisory committee notes and observed that the first paragraph was recommended to be given when the offense was defined in terms of prohibited conduct; the second paragraph was recommended when the offense was defined in terms of a prohibited result; and both paragraphs were recommended

4

when both aspects were at issue. (*Id.* at 19-20.) The trial court determined that Perry was charged with an offense relating to prohibited conduct and thus refused to give the second paragraph of the instruction. (*Id.* at 20.) Perry contends that this refusal removed a necessary element of the offense from the jury's consideration of the knowing-murder count.

As noted above, however, the jury was instructed that to sustain the knowing-murder charge, the prosecution was required to prove that Perry "knew that his acts would cause death to Dewone McClendon; or he knew that his acts created a strong probability of death or great bodily harm to Dewone McClendon." (*Id.* at 27-28.) Therefore, the instructions as a whole did not omit the knowledge element of the charge; they instead omitted only an additional explanation of that element.

Federal and state courts have repeatedly noted the significance of the distinction between a legally erroneous instruction and the failure to supplement an accurate charge with a further explanatory note. In *Henderson v. Kibbe,* 431 U.S. 145, 154 (1977), the Supreme Court observed that in assessing a jury instruction that is the focus of a collateral attack on a state criminal conviction, the relevant question is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." The Supreme Court explained that a criminal defendant in such a case bears an "especially heavy" burden where no erroneous instruction was given and the claim of prejudice was "based on the failure to give any explanation beyond the reading of the statutory language itself." *Id.* at 155. The Court declined to conclude that the omission of more complete instructions sufficiently impacted the trial so as to violate the defendant's due process rights. *Id.* at 156-57. Similarly, the Seventh Circuit has held that "the burden of establishing prejudice is greater when there is an omission rather than an erroneous instruction." *U.S. ex rel. Bonner v. DeRobertis*, 798 F.2d 1062, 1068 (7th Cir. 1986).

5

Illinois courts have held that a jury instruction defining the elements of an offense is not rendered erroneous by the failure to provide an accompanying instruction detailing the meaning of "knowing" action in the absence of a jury request for definition of the term. "[T]he jury need not be instructed on the terms knowingly and intentionally because those terms have a plain meaning within the jury's common knowledge." *People v. Powell*, 512 N.E.2d 1364, 1370 (Ill. App. Ct. 1987). *See also People v. Sanders*, 857 N.E.2d 948, 952 (Ill. App. Ct. 2006); *People v. Sandy*, 544 N.E.2d 1248, 1253 (Ill. App. Ct. 1989).

Here, Perry identifies no basis for a finding that he was prejudiced by the failure to further instruct the jury on the meaning of the knowledge element of the charges against him and, as noted above, the mere omission of such explanatory instruction, without more, does not establish error, constitutional or otherwise. Accordingly, his claim of error here does not suggest a constitutional basis for invalidating a conviction on the knowing-murder count against him. Since conviction on that count would not be constitutionally flawed, the general verdict and resulting conviction do not raise constitutional concerns and provide no basis for habeas relief.

In his final argument, Perry contends that his conviction was constitutionally invalid because the trial court denied his request for an instruction on the lesser included offense of voluntary manslaughter. In *Beck v. Alabama,* 447 U.S. 625 (1980), the Supreme Court held that due process requires that a jury be instructed on a lesser included offense in capital cases where it is supported by the evidence but noted that the requirement had not been extended to non-capital cases. *Id.* at 634-37. The Seventh Circuit has not embraced any such extension either. Instead, it has limited its habeas review of denials of lesser included offense instructions to the question of whether the denial resulted in "a complete miscarriage of justice" or an "omission inconsistent with the standards of fair procedure." *Reeves v. Battles*, 272 F.3d 918, 920 (7th Cir.

2001). This review permits relief only upon a showing that the denial of the requested instruction increased the likelihood of the conviction of an innocent defendant. *Nichols v. Gagnon*, 710 F.2d 1267, 1269-70 (7th Cir. 1983). Where the record demonstrates that the evidence was sufficient to convict the defendant and where, as here, he does not challenge that sufficiency, a finding of a fundamental miscarriage of justice is precluded. *Reeves,* 272 F.3d at 920-21, *Robertson v. Hanks*, 140 F.3d 707, 711 (7th Cir. 1998).

In short, Perry's petition fails because it raises no valid claims for relief under the Constitution or other federal law. Although the respondent's arguments consist primarily of contentions that Perry's claims were procedurally defaulted because of his failure to invoke in the state courts any constitutional or other federal law support for his claims, the determination that he has presented no cognizable basis for habeas relief precludes any need to analyze the procedural default issues. *Canaan v. McBride*, 395 F.3d 376, 387 (7th Cir. 2005).

## CONCLUSION

For the reasons stated above, Perry's petition for a writ of habeas corpus is denied. Because Perry has not made a substantial showing of the denial of a constitutional right, the Court also declines to issue a certificate of appealability pursuant to Rule 11 of the Rules governing § 2254 cases. *See Rosario v. Akpore*, 967 F. Supp. 2d 1238, 1251 (N.D. Ill. 2013).

ENTERED:

Dated: January 4, 2016

Andrea R. Wood
United States District Judge

7